IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN JACOBS** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-CV-0388 |
| | : | |
| **JULIE BESSLER** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                         FEBRUARY 17, 2023

Plaintiff Steven Jacobs ("Jacobs"), also known as Dorian Clark,[1] a prisoner currently incarcerated at Curran-Fromhold Correctional Facility ("CFCF"), commenced this *pro se* civil action but failed to pay the required filing fee or to seek leave to proceed *in forma pauperis*. For the following reasons, the Court finds that Jacobs is not entitled to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(g), and will require that Jacobs pay the full fee of $402 (the $350 filing fee and a $52 administrative fee) if he wishes to continue with his case.

**I.      BACKGROUND**

Jacobs initiated this action by filing a Complaint (ECF No. 1) on or about January 30, 2023, naming Julie Bessler, as the sole Defendant in this matter. (Compl. at 1.) The exhibits attached to the Complaint make clear that Bessler served as an attorney with the Philadelphia District Attorney's Office representing the Commonwealth of Pennsylvania in a criminal proceeding

---

[1] Jacobs has previously filed cases in this Court under the alias "Dorian Clark". *See, e.g.*, *Clark v. Commonwealth*, Civ. A. No. 19-2053 (E.D. Pa.); *Clark v. Warden & All Prison Guards*, Civ. A. No. 21-5498 (E.D. Pa.); *Clark v. All the Judges of the Criminal Justice Ctr.*, Civ. A. No. 21-5690 (E.D. Pa.); and *Clark v. Sawyer*, Civ. A. No. 22-3658 (E.D. Pa.).

pending against Jacobs.[2] (*Id.* at 3.) In the Complaint, Jacobs alleges that Bessler violated his "right to cross examination" and Federal Rule of Evidence 612 during a preliminary hearing that took place on March 19, 2021, before the Honorable Wendy Pew. (*Id.* at 1, 3-4.) Just a few days after filing his initial Complaint, Jacobs filed an Amended Complaint (ECF No. 3) which named Donald Bermudaz, Esquire, Judge Monica Gibbs, and Juna Murray, Esquire as additional Defendants. (Am. Compl. at 1.) Jacobs does not make any specific allegations against any of the Defendants in the Amended Complaint. He simply asserts that he is being "deprived of [his] right to confrontation and cross examination" in his criminal case. (*Id.*)

## II.   STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants" and, thus, the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).[3]

---

[2]   Public dockets reflect that Jacobs was charged in a criminal proceeding in the Philadelphia Court of Common Pleas in 2021 arising from events that occurred on October 3, 2020. *See Commonwealth v. Jacobs*, CP-51-CR-0001880-2021 (C.P. Philadelphia). Jacobs has been charged with several counts, including: attempted murder, aggravated assault, possession of an instrument of a crime with intent, simple assault, and recklessly endangering another person. *Id.* On March 19, 2021, Jacobs had a preliminary hearing in the Philadelphia Municipal Court on these charges. *See Commonwealth v. Jacobs*, MC-51-CR-0019068-2020 (M.C. Philadelphia). Jacobs is currently awaiting trial. *See Commonwealth v. Jacobs*, CP-51-CR-0001880-2021 (C.P. Philadelphia).

[3]   In particular, the number of meritless claims brought *in forma pauperis* by prisoners grew "astronomically" from the 1970s to the 1990s, *id.* (quoting 141 Cong. Rec. S14408-01, S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Dole)), and "[p]risoner litigation continues to account for an outsized

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). The PLRA implemented, among other things, the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury at the time he brings his case to court. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

### III.   DISCUSSION

This Court must determine whether Jacobs's prior filings in federal court were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted and whether he has alleged that he was in imminent danger of serious physical injury at the time that the Complaint in this action was filed. *Abdul-Akbar*, 239 F.3d at 310-11. In particular, a "strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision

---

share of filings in federal district courts." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (internal quotation marks omitted).

or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-1725 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

Jacobs has a history of litigating meritless claims in this Court. *See, e.g., Clark v. Commonwealth*, Civ. A. No. 19-2053 (E.D. Pa.) (dismissing second amended complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)) (*see* ECF Nos. 13 & 14); *Clark v. Warden & All Prison Guards*, Civ. A. No. 21-5498 (E.D. Pa.) (dismissing complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)) (*see* ECF Nos. 6, 7, & 8); *Clark v. All the Judges of the Criminal Justice Ctr.*, Civ. A. No. 21-5690 (E.D. Pa.) (dismissing complaint with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii)) (*see* ECF Nos. 6 & 7); *Jacobs v. City of Philadelphia*, Civ. A. No. 22-1956 (dismissing complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)) (*see* ECF Nos. 6, 7, & 8); *Jacobs v. Zampiri*, Civ. A. No. 22-2861 (dismissing the fourth amended complaint with prejudice for failure to state a claim under § 1915(e)(2)(B)(ii)) (*see* ECF Nos. 27 & 28); *Clark v. Sawyer*, Civ. A. No. 22-3658 (E.D. Pa.) (dismissing complaint with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii)) (*see* ECF Nos. 7 & 8). The Court concludes that each of these dismissals count as a strike against Jacobs for purposes of § 1915(g). Each was filed while Jacobs was incarcerated, and each was dismissed in its entirety for one of the enumerated reasons listed in § 1915(g). Accordingly, Jacobs may not proceed *in forma pauperis* in this case unless he was in imminent danger of serious physical injury at the time he initiated this action.

"Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). A prisoner's allegation that he faced imminent danger in the past is "an insufficient basis to allow him to proceed *in forma pauperis*." *Ball*, 726 F.3d at 467. Practices that "may prove detrimental . . . over time," such as poor care for arthritis, also "do not represent imminent dangers," as the harm is not "about to occur at any moment." *Id.* at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.*

Nothing in Jacobs' Complaint plausibly suggests that he is in imminent danger of serious physical injury, as required by § 1915(g). Jacobs alleges only that his constitutional rights to cross examination and to confront the witnesses against him were violated at his preliminary hearing in state court in March of 2021. (*See* Compl. at 1; Am. Compl. at 1.) Because he has incurred at least three strikes and does not allege he was in imminent danger of serious physical injury when he initiated this action, Jacobs' request to proceed *in forma pauperis* is denied. Jacobs will be required to pay the full fees to commence this civil action if he wishes to proceed.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Jacobs is not entitled to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(g). Thus, he must pay the full fee of $402 (the $350 filing fee and a $52 administrative fee) to the Clerk of Court to initiate this action. An appropriate Order follows.

*NITZA I. QUIÑONES ALEJANDRO, J.*